OPINION
{¶ 1} Appellant, Craig R. Drzal, timely appeals the May 25, 2005, Judgment Entry of the Columbiana County Court of Common Pleas governing child support. Appellant takes issue with the amount of his child support obligation in light of the parties' shared parenting agreement.
 {¶ 2} Appellant filed for divorce from Appellee, Kimberly J. Drzal, in December of 2004. The parties eventually settled most issues relating to their divorce, including an agreed shared parenting plan for their minor child that the trial court adopted. The sole issue at the time of trial was the computation of Appellant's child support obligation. The parties agreed that a deviation from the statutory support obligation was in order. However, they did not agree on the amount of the deviation. No testimony was presented at trial. Instead, counsel presented arguments and each submitted separate Ohio Child Support Guidelines worksheets. The trial court subsequently adopted the child support calculation proposed by Appellee, which determined Appellant's monthly child support obligation to be $587.19. Appellant timely appealed.
 {¶ 3} Appellant now argues that the trial court should have further reduced his child support obligation based on the amount of time the child is to spend with him pursuant to the shared parenting plan. For the following reasons, however, the trial court's decision was within its discretion and is affirmed.
 {¶ 4} In Appellant's sole assignment of error, he claims:
 {¶ 5} "THE CALCULATION OF CHILD SUPPORT BY THE TRIAL COURT, IN CONSIDERATION OF THE AGREED UPON SHARED PARENTING PLAN OF THE PARTIES, AND SPECIFICALLY THE AMOUNT OF TIME THE MINOR CHILD SPENDS WITH EACH PARENT, WAS IN ERROR AND CONTRARY TO LAW."
 {¶ 6} A trial court's decision in a domestic relations matter should not be disturbed on appeal unless the decision involves more than an error of judgment. Further, trial courts have considerable discretion in calculating child support. Pauly v.Pauly (1997), 80 Ohio St.3d 386, 390, 686 N.E.3d 1108. Appellate courts review child support matters for an abuse of discretion.Booth v. Booth (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028. Abuse of discretion means that the trial court's decision was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 7} R.C. § 3119.24(A)(1) provides that a court may deviate from the standard child support schedule set forth in R.C. §3119.022 if certain findings are made. Specifically, a court may deviate if it finds that the standard amount as scheduled, "would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria set forth in section 3119.23 of the Revised Code." R.C. § 3119.24(A)(1). The court must also provide findings of fact supporting its decision to deviate from the scheduled amount.
 {¶ 8} In the instant matter, the trial court exercised its discretion in formulating the award of child support by deviating from the child support guidelines. The parties agreed and the trial court recognized that a deviation in child support was warranted and in the best interest of the child based on Appellant's increased time with the child and in order to help Appellee provide adequate housing for the child. (May 25, 2005, Judgment Entry.)
 {¶ 9} The trial court adopted and attached Appellee's child support worksheet to its decision. It reflects that Appellant's adjusted gross income was $53,670 while Appellee's annual earnings were $29,700, which represents 64.38% and 35.62% of the total income respectively. The combined annual child support obligation including child care and medical expenses was $12,512. Appellant's annual support obligation was computed at $8,055.23 and Appellee's annual support obligation was $4,456.77. After considering Appellee's annual child care expenses of $2,425, her annual obligation was adjusted to $2,031.77.
 {¶ 10} The standard visitation order of companionship in Mahoning County sets the amount of time the obligor spends with the child at 28%. In this case Appellant is to have the child 38% of the time pursuant to the shared parenting agreement. Thus, the court chose to deviate downward from Appellant's annual obligation by 10%, based on the additional 10% of time that Appellant is to spend with the child over and above the standard order of companionship. Appellant's obligation was thus reduced by $1,009, and his final annual support obligation was computed at $7,046.23 with monthly payments of $587.19. (May 25, 2005, Judgment Entry.)
 {¶ 11} Appellant claims, however, that the trial court should have adopted his calculations in which he proposed a 38% reduction in Appellant's support obligation. Appellant computed his annual obligation at $8,055.49. Specifically, Appellant proposed a $3,833.21 reduction in his annual obligation for a total annual obligation of $4,222.28. Under Appellant's scenario he would be paying approximately $351.86 monthly in child support. (May 25, 2005, Tr., Plaintiff's Exh. A.)
 {¶ 12} In support of his argument, Appellant directs this Court's attention to our prior decision in Linam v. Linam, 7th Dist. No. 02 CO 60, 2003-Ohio-7001, which considered a comparable issue on appeal. In that case, the trial court made a 50% downward deviation in the father's support obligation based on the parties' shared parenting plan that gave them both 50% of time with the children. The mother, however, argued at trial that the father should have only received a 22% downward deviation since a standard visitation order gives the obligor 28% of the time with the children, and the difference between 50% and 28% is 22%. Id. at ¶ 32.
 {¶ 13} However, this Court in Linam upheld the trial court's decision as within its discretion explaining that, "because the shared parenting obligor spends double the time with the child (compared to a nonresidential obligor), it is reasonable for a court to conclude that he should pay half as much as a nonresidential obligor." Id. at ¶ 32. The court also explained that the mother's argument focused on the extra time the father is to spend with the children, but that she failed to appreciate that she would thus be spending less time with the children. As such, Linam found that the trial court was properly within its discretion in authorizing a 50% deviation under the facts of that case. Id.
 {¶ 14} Although the basic holding of Linam certainly appears to support Appellant's argument, there is nothing inLinam or the Ohio Revised Code requiring the trial court to automatically impose the downward deviation proposed by Appellant. Instead, R.C. § 3119.24(A)(1) provides that in a shared parenting situation a court may deviate from the standard support order and worksheet in R.C. § 3119.022. Further, if a deviation is made, there is no set method for a court to employ to formulate said deviation. Instead, it is within a court's discretion on what percentage of a deviation is made, if any. R.C. § 3119.24(A)(2) merely directs a court to consider, "extraordinary circumstances and other factors or criteria," if a deviation is to be made. "[E]xtraordinary circumstances of the parents" include:
 {¶ 15} "(1) The amount of time the children spend with each parent;
 {¶ 16} "(2) The ability of each parent to maintain adequate housing for the children;
 {¶ 17} "(3) Each parent's expenses, including child care expenses, school tuition, medical expenses, dental expenses, and any other expenses the court considers relevant.
 {¶ 18} "(4) Any other circumstances the court considers relevant." R.C. § 3119.24(B)(1)-(4).
 {¶ 19} Further, the Ohio Supreme Court has specifically rejected the argument that a shared parenting plan demands a credit for the time each parent spends with the children.Pauly, supra, 80 Ohio St.3d 386, at syllabus. Instead, any deviation in child support calculations should come from the trial court and be rendered on a case-by-case basis after considering the extraordinary circumstances of the parents and other factors. Id. at 389.
 {¶ 20} In Fisher v. Fisher, 3rd Dist. No. 7-01-12, the Third District Court of Appeals found no abuse of discretion in the trial court's 25% downward deviation. On appeal, the father claimed that he was entitled to a 50% deviation based on the shared parenting plan. Id. at 7. However, and in spite of the apparent equal time with the children, the disparity in incomes and other factors supported the trial court's decision. Id.
 {¶ 21} The parties to the instant case agreed to a deviation, they agreed to their respective incomes, and they agreed to the child care expenses. The court's sole issue was to what extent it would deviate from the standard support obligations. The court determined that a 10% downward deviation was appropriate and that, "[t]he additional funds will help the [Appellee] provide adequate housing for the child but realize that the [Appellant] will be making extra expenses for the child over and above what he would normally have under standard companionship." (May 25, 2005, Judgment Entry.) Based on the foregoing, the record reflects that the trial court's deviation was reasonable, and Appellant has failed to demonstrate that its deviation was arbitrary, unreasonable, or unconscionable. Accordingly, the decision of the trial is hereby affirmed.
Donofrio, P.J., concurs.
DeGenaro, J., concurs.