[Cite as *Dyson v. Dyson*, 2011-Ohio-4826.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96285**

## MELISSA M. DYSON

PLAINTIFF-APPELLEE

vs.

## RICHARD K. DYSON

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. CP D-314561

**BEFORE:** Rocco, J., Stewart, P.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** September 22, 2011

**ATTORNEY FOR APPELLANT**

Gregory L. Hail
Holland & Muirden
55 S. Miller Road, Suite 103
Akron, Ohio   44333-4167


**ATTORNEY FOR APPELLEE**

Bruce M. Cichocki
2525 Brookpark Road
Parma, Ohio   44134


KENNETH A. ROCCO, J.:

**{¶ 1}**  In this appeal from an order entered by the Cuyahoga County Court of Common Pleas, Domestic Relations Division (the "DR court"), adopting a magistrate's decision, defendant-appellant Richard K. Dyson challenges the reduction of his child support obligation by seven percent from the amount originally ordered.

**{¶ 2}**  Richard presents two assignments of error.  In his second assignment of error, he notes a clerical error occurred in the DR court's

judgment entry. While his appeal was pending, this court ordered a limited remand of this case for the purpose of correcting the clerical error, and the DR court complied; thus, Richard's second assignment of error has been rendered moot.

**{¶ 3}** Richard asserts in his first assignment of error that the magistrate incorrectly calculated the modification of his child support obligation. Richard claims the reduction should have been tied more specifically to the amount of time allocated to him under the adjustment to the Shared Parenting Plan ("SPP") made between him and his former wife, plaintiff-appellee Melissa M. Dyson; therefore, the DR court wrongly adopted the magistrate's decision.

**{¶ 4}** This court has reviewed the record and concludes his argument lacks merit. Consequently, the DR court's order is affirmed.

**{¶ 5}** Richard and Melissa filed their petition in the DR court for dissolution of their marriage in February 2007. The petition included a SPP for their two children, both of whom were under the age of three.

**{¶ 6}** According to the SPP, Melissa was designated the residential parent. A detailed schedule provided Richard with possession of the children "at a minimum" on the following days:

**{¶ 7}** 1. Every other weekend;

{¶ 8} 2. On weeks he did not have the children on the weekend, Wednesday evening to Thursday morning;

{¶ 9} 3. Father's Day and his birthday;

{¶ 10} 4. The children's birthdays in odd-numbered years;

{¶ 11} 5. Two consecutive summer weeks.

{¶ 12} On holidays, Richard alternated possession of the children with Melissa; he and Melissa then alternated the holidays the following year. The SPP provided that the parents could change the schedule by agreement, and that times of possession of the children might change, "based upon work schedules, family needs, obligation and other circumstances" and the parents intended "to remain flexible in this regard."

{¶ 13} Richard agreed to pay child support of $791.86 per month. This amount had been calculated on the R.C. 3119.022 worksheet, using the basic combined child support obligation.

{¶ 14} The DR court entered judgment on the parties' petition on April 18, 2007. Less than two years later, Richard filed a motion to reallocate parental rights and responsibilities. Richard averred that he believed the children's time with him needed to be "equalized" with that of their time with Melissa.

{¶ 15} Eventually, Richard and Melissa agreed to a revised possession

schedule. Changes were made during the summer, so that the children would spend one-half of the school vacation with each parent. Richard also would have two additional weeks during the school year, each parent would have a week during the two-week winter school break, and the parents would alternate the spring school break "from year to year." Otherwise, the original agreement remained in effect. On September 18, 2009, the DR court entered judgment on their agreement.

{¶ 16} On April 29, 2010, Richard filed a motion to modify his child support obligation. He sought the modification "due to a change in the parties' incomes" and "due to the amount of time that the * * * children spend with each of the parties herein." Richard filed an income and expense statement with his motion.

{¶ 17} In September, 2010 the parties submitted joint stipulations with respect to their incomes for the previous three years. They also agreed to have the matter heard by the magistrate solely on the stipulations.[1]

{¶ 18} Upon a review of the record, the magistrate found that the parties' incomes were sufficiently different from the original order that a change in circumstances had occurred, thus requiring modification of Richard's child support obligation. The magistrate further determined that

---

[1]Richard presented nothing indicating a need for child care expenses.

the change in parenting time Richard spent with his children should be measured by a twenty-eight day period.

{¶ 19} Under the original order, Richard was entitled to eight overnight parenting opportunities in that period. Under the revised agreement, Richard was entitled to ten overnight parenting opportunities in that period. The magistrate decided that, since, by this measure, Richard's parenting time increased by seven percent, his calculated child support should be decreased by seven percent. Thus, the magistrate granted Richard's motion, but put his monthly child support obligation at $685.42.

{¶ 20} Richard filed objections to the magistrate's decision. He asserted the magistrate failed to give him an appropriate credit for his increased annual parenting time; he argued it amounted to thirty-three percent, rather than only seven percent. After receiving Melissa's response to Richard's objections, the DR court entered judgment on the magistrate's decision, placing Richard's monthly child support obligation at $685.42.[2]

{¶ 21} Richard appeals from the DR court's order. He argues the magistrate's calculation of only a seven percent decrease in his child support obligation is against the manifest weight of the evidence. His argument is

---

[2]As previously stated, the DR court corrected the clerical error contained in the judgment entry. This renders Richard's second assignment of error moot.

unpersuasive.

**{¶ 22}** DR courts have considerable discretion in calculating child support; consequently, this court cannot disturb the DR court's decision unless an abuse of discretion occurred. *Harris v. Harris*, Ashtabula App. No. 2002-A-0081, 2003-Ohio-5350. The record in this case does not present such a situation.

**{¶ 23}** In determining the appropriate level of child support, DR courts generally use the Ohio Child Support Guidelines and the applicable worksheets. *In re D.M.*, Cuyahoga App. No. 87723, 2006-Ohio-6191, ¶69, citing *Kosovich v. Kosovich*, Lake App. No. 2004-L-075, 2005-Ohio-4774. R.C. 3119.22 provides that a court may deviate from the guideline child support calculation if it determines, based upon the factors and criteria enumerated in R.C. 3119.23, that the guideline support calculation would be "unjust or inappropriate and would not be in the best interest of the child."

**{¶ 24}** The listed statutory factors set forth in R.C. 3119.23 include, in subsection (D), "[e]xtended parenting time * * * ." Thus, a deviation in child support may be warranted and in the best interest of the child based upon a nonresident parent's increased time with the child. *Drzal v. Drzal*, Columbiana App. No. 05 CO 31, 2006-Ohio-5230. The magistrate deviated from the support amount on this basis.

**{¶ 25}** No "set method" exists for a DR court to employ in formulating a deviation. *Cameron v. Cameron*, Franklin App. No. 06AP-793, 2007-Ohio-3994,¶15, citing *Linam v. Linam*, Columbiana App. No. 02 CO 60, 2003-Ohio-7001. As written, the statute and guidelines contemplate an obligation based upon the parties' annual incomes and expenses.

**{¶ 26}** The best interest of the child, nevertheless, remains the paramount concern. The DR court must also consider that the costs associated with housing and clothing a child remain fixed, and do not change with an increase in parenting time.

**{¶ 27}** Pursuant to Loc.R. 18, the DR court's "standard parenting guidelines" under a SPP call for children to spend as close to fifty percent of the time with their non-residential parent as possible. The current version of the rule became effective on January 1, 2008.

**{¶ 28}** The record reflects the September 2009 changes in possession of the children to which Richard and Melissa agreed, and which the DR court endorsed by journal entry, put Richard's parental visitation rights and responsibilities more in line with the changes made to Loc.R. 18. The magistrate's decision recognized this.

**{¶ 29}** In his decision, the magistrate focused on a twenty-eight day period. Richard had the children pursuant to the original SPP, broadly

speaking, on an annual basis, on alternating weekends, one night on alternating weeks, and for two weeks in the summer. Under the revised schedule, the nights and weekends remained, while Richard's children now spent five weeks in the summer, one week in winter, and two weeks in the school year with him.

{¶ 30} Thus, Richard's gains in visitation for the year, viz., an additional four weeks of summer vacation, an additional two weeks during the school year, and an additional week during school's "winter break," encompassed time he already had the children under the original plan. This calculates to approximately seven percent more of their annual time with him, which is the figure determined by the magistrate.[3]

{¶ 31} Richard's figures, although perhaps facially persuasive, are confusing and unprovable by simple arithmetic. Thus, he failed to demonstrate the magistrate calculated incorrectly. In addition, Richard also failed to show that a significant reduction in his child support obligation would not negatively impact on the set costs of housing, clothing, and feeding

---

[3]Pursuant to the updated visitation schedule, and approximated, Richard has the children an additional thirty-two days out of the year, i.e., allowing for the time he already had them, fifteen more days in the summer, eleven more days during the school year, and six more days at winter break. This increase in his time with them, a little less than one-twelfth of the year, when factored into one hundred percent of the year, amounts to approximately a seven percent increase.

his children, and would not result in reducing their opportunities for enrichment educationally and culturally.

{¶ 32} In light of the DR court's paramount consideration, the court did not abuse its discretion under these circumstances. Richard's increased parenting time should be viewed as a benefit to him; it should not become a potential detriment to his children. The DR court reasonably adopted the magistrate's decision that Richard should be permitted to deviate from the standard guideline obligation by seven percent. *Drzal*; *Cameron*.

{¶ 33} Civil judgments that are supported by some competent, credible evidence going to all of the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578. Since the magistrate's decision is supported by the manifest weight of the evidence in this case, the DR court neither erred nor abused its discretion in entering judgment on it.

{¶ 34} Richard's first assignment of error, accordingly, is overruled. In light of the DR court's correction of its clerical error upon the limited remand formerly ordered by this court, his second assignment of error is moot.

{¶ 35} The DR court's order is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

COLLEEN CONWAY COONEY, J.,
CONCURS IN JUDGMENT ONLY;
MELODY J. STEWART, P.J.,
CONCURS IN PART AND DISSENTS IN PART
(SEE ATTACHED OPINION)

MELODY J. STEWART, P.J., CONCURRING IN PART AND DISSENTING IN PART:

{¶ 36} I agree with the majority's legal analysis in this case, but I do not see how the trial court, and subsequently this court, arrived at the 7 percent figure used to decrease appellant's monthly child support obligations.

{¶ 37} The trial court determined that appellant's parenting time increased from eight overnight stays to ten under the revised parenting agreement:   thus a 7 percent increase based on a 28-day measurement period.   By this calculation, the trial court has appellant yielding an additional 26 days per year of parenting time.   The majority notes that the revised schedule

has appellant gaining an additional 32 days approximately. Appellant argues in his brief that his parenting time has increased by roughly 900 hours a year, which amounts to a 33 percent increase. If those hours are converted into days, appellant's calculation yields an increase in parenting time of approximately 37 days. I do not understand why there are so many different calculations. However, since this court arrived at a figure different from that of the trial court, it appears that the trial court abused its discretion. I would therefore remand the case to the trial court to reconcile the calculations.