[Cite as *K.B.B. v. P.J.H.*, 2012-Ohio-811.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97003**

## K.B.B.

PLAINTIFF-APPELLEE

vs.

## P.J.H.

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. SU 06703682

**BEFORE:** Rocco, P.J., E. Gallagher, J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** March 1, 2012

**ATTORNEY FOR APPELLANT**

Andrew J. Simon
Freedom Square II, Suite 380
6000 Freedom Square Drive
Independence, Ohio   44131

**ATTORNEY FOR APPELLEE**

Hans C. Kuenzi
Hans C. Kuenzi Co., LPA
Skylight Office Tower
1660 W. Second Street, Suite 410
Cleveland, Ohio   44113

KENNETH A. ROCCO, P.J.:

{¶1} Defendant-appellant P.H. appeals from the order of the Cuyahoga County Court of Common Pleas, Juvenile Division ("the juvenile court") that granted the Civ.R. 60(A) motion filed by plaintiff-appellee K.B.. and that set the amounts of P.H.'s child support obligation for the parties' child, K.H., for the years 2007-2011.

{¶2} P.H. presents three assignments of error. He argues that the juvenile court acted improperly in granting K.B.'s Civ.R. 60(A) motion, that the juvenile court improperly designated him as the only child support "obligor," and that the juvenile court should have granted his request for a deviation from the child support worksheets.

{¶3} Because the record P.H. submitted in this appeal reflects (1) the juvenile court mistakenly entered an order dated June 2, 2009, (2) P.H. never raised the issue of his designation as the "obligor" in the lower court, and (3) the juvenile court did not abuse its discretion in setting P.H.'s child support obligation, his assignments of error are overruled. The juvenile court's order, consequently, is affirmed.

{¶4} The lack of a complete record on appeal limits this court's recitation of the facts of this case.[1] However, the record reflects the parties had a child together, K.H.,

---

[1]P.H. did not submit the complete juvenile court file of the case from which he filed his notice of appeal. *See* App.R. 9(B).

who was born on September 21, 2000.

{¶5} According to the parties' appellate briefs, P.H. and K.B. lived together for a time, but separated in 2006. Apparently, each party filed separate actions in juvenile court, seeking an order of child support from the other.[2] The record on appeal contains a portion of only one of those cases, viz., juvenile court Case No. SU 06 703682. In February 2008, the judge originally assigned to Case No. SU 06 703682 transferred the case to a visiting judge for further proceedings.

{¶6} In March 2008, the parties entered into a Shared Parenting Plan ("SPP") that applied to both cases. The SPP provided in relevant part that, on a "routine" basis in a "28-day cycle," the child lived with K.B. The child lived with P.H. on the first, second, and third weekends, on one Monday, and on every Wednesday. During the summer vacation from school, the child alternated between her parents. The child also alternated between her parents on special holidays. The SPP left child support to the "further order of the court."

{¶7} Because the parties were "unable to reach an agreement" on the issue of child support, the parties' attorneys apparently worked out an "agreed judgment entry" with respect to the issue of "interim child support." This entry indicated it was to take effect on April 1, 2008. By its terms, K.B. was designated as the "obligee," and P.H. would

_____

[2]The parties' SPP bears another case number, viz., SU "07 100608" but the record of that case is not included in the record on appeal.

pay through the Ohio Child Support Payment Central (CSPC) $450.00 per month "until further order of Court." The document bore the parties' attorneys' signatures, but the docket of this case indicates that this "entry" was never either signed or actually entered on the juvenile court's journal by the visiting judge.

{¶8} On July 23, 2008, the visiting judge filed a judgment entry in this case that stated that the matter of child support had come before the court for a hearing. The July 23, 2008 judgment entry further stated in relevant part the following:

> [1] Child support on an interim basis was established by an agreed judgment entry filed May 16, 2008, [2] Father requested a deviation downward on his child support based on his position that he had the child more than fifty percent of the time, but, [3] Exhibits offered by Father and accepted by the Court do not substantiate Father's position.

{¶9} The juvenile court's July 23, 2008 journal entry "also note[d] Father earns a significantly greater sum [annually] than Mother." The entry denied P.H.'s motion for a downward deviation, set his child support obligation for "the period between November 1, 2006 and December 31, 2007" at $691.83 per month, and held that "during the period beginning January 1, 2008 to date and forward, Father's child support obligation is $791.33 per month * * * ."

{¶10} The visiting judge attached worksheets to the July 23, 2008 order. These worksheets indicated P.H.'s annual salary was $44,474 while K.B.'s was $38,582.

{¶11} In August 2008, P.H. filed a notice of appeal from the juvenile court's July 23, 2008 order. K.B. filed a cross appeal. However, because the juvenile court's July

23, 2008 order had not settled all of the issues presented with respect to matters of child support, this court dismissed the appeal and cross appeal for lack of a final order.

{¶12} When the case returned to the juvenile court, the originally-assigned judge issued a judgment entry dated June 2, 2009. This entry stated that the case "came on for consideration this 21st day of May, 2009 * * * ." The June 2, 2009 journal entry further stated:

{¶13} "It is ordered that: The Agreed Judgment Entry submitted by the parties is attached as exhibit A hereto and incorporated by reference * * * [and] shall remain in effect until further order of the Court."

{¶14} "Exhibit A" attached to this order was the "agreed judgment entry" previously created by the parties' attorneys that they had filed in the case, but which the visiting judge had never either signed or journalized.

{¶15} In July 2009, P.H. filed a motion to modify his child support obligation. He claimed in his attached affidavit that he had been terminated from his employment, and, although he had received a severance package that included a small portion of his salary, he had not yet found a new position.

{¶16} The record reflects the originally-assigned judge conducted a hearing in the case on August 12, 2009. Although P.H.'s motion to modify his obligation was not addressed, the judgment entry that resulted from this hearing indicated K.B. acknowledged P.H. deserved a credit on his child support obligation for overpayments

made between November 1, 2006 through October 15, 2008.

{¶17} P.H.'s motion to modify his child support obligation was continued for a hearing to be held before the visiting judge. The hearing was scheduled to be conducted on July 7, 2010.

{¶18} On May 26, 2010, K.B. filed a Civ.R. 60(A) motion to correct the record. Therein, she asserted that the June 2, 2009 journal entry signed by the originally-assigned judge had been filed in error. K.B. pointed out that the July 23, 2008 order was the order that had been meant to resolve P.H.'s child support obligation. P.H. filed no response to K.B.'s Civ.R. 60(A) motion.

{¶19} The docket of the case reflects the visiting judge decided to conduct a hearing on all outstanding motions, eventually selecting the date January 24, 2011 for trial. Both parties filed hearing briefs.

{¶20} At the hearing, the visiting judge heard testimony from P.H. regarding his motion to modify his child support obligation. K.B. testified in opposition. K.B. also testified concerning her Civ.R. 60(A) motion, stating that she did not agree in 2009 to a reduction in P.H.'s obligation to $450 a month.

{¶21} Following the hearing, on April 11, 2011, the visiting judge issued a proposed judgment entry in the case. The judge granted K.B.'s motion to correct the record, set the amounts of P.H.'s child support obligation for each year from November 1, 2006 until 2011 "and forward," designated a party to provide the child's health insurance,

and designated the party to claim the child as a dependent for federal tax purposes.

{¶22} The appropriate child support worksheets were attached to the proposed judgment entry. The judge also directed K.B.'s attorney to "prepare any documents necessary to put this Order into effect * * * ."

{¶23} K.B.'s attorney thereafter notified the juvenile court that he had submitted the documents he prepared pursuant to the proposed judgment entry, and that P.H.'s attorney did not provided any "written objection or response."

{¶24} On June 1, 2011, P.H. filed a "clarification." He asserted that he had informed K.B.'s counsel by letter that he "disapproved" of the proposed judgment entry, and that he had suggested K.B. "submit the entry to the Court as having been submitted to me for review and having been disapproved."

{¶25} On June 2, 2011, the juvenile court adopted the proposed entry. P.H. filed a timely notice of appeal from the final judgment. He presents three assignments of error.

"**I. The trial court erred in granting Appellee's motion for relief.**

"**II. The trial court erred in arbitrarily designating Appellee as th[e] only child support obligee.**

"**III. The trial court erred in failing to denying [sic] Appellant's request for a deviation from the child support computation worksheet.**"

{¶26} P.H.'s first and second assignments of error will be addressed together. In them, he argues that the juvenile court lacked a basis for granting K.B.'s Civ.R. 60(A)

motion to correct the record, and, in light of the SPP, also lacked a good reason to refer to him in its judgment entries as the sole "obligor." Neither of these arguments has merit.

{¶27} The record reflects P.H. neither filed a brief in opposition to K.B.'s motion to correct the record, nor presented any evidence to support the position he takes in his first assignment of error. In fact, P.H. acknowledged K.B's Civ.R. 60(A) motion only in the "hearing brief" he prepared for the January 24, 2011 trial, many months after K.B. raised the issue. Therein, P.H. did not list K.B.'s motion as one of "the issues before the Court." P.H. simply argued, in just one sentence of his 10-page brief, that K.B.'s motion should be denied.

{¶28} Furthermore, during the juvenile court's hearing, P.H. did not mention K.B.'s Civ.R. 60(A) motion. K.B.'s testimony that the June 2, 2009 order was entered by mistake, therefore, was unchallenged.

{¶29} K.B.'s testimony is corroborated by the fact that the June 2, 2009 order was signed by the originally-assigned judge, who had not taken any role since transferring the case to the visiting judge a year-and-a-half previously. Under these circumstances, the argument P.H. presents in his first assignment of error is unsupported. *Mallin v. Mallin*, 8th Dist. Nos. 60014 and 60668, 1992 WL 79847 (1992); cf., *Perry v. Perry*, 8th Dist. No. 80640, 2002-Ohio-3641.

{¶30} Similarly, P.H. never raised in the juvenile court the issue he presents in his second assignment of error. He has, therefore, waived the argument for purposes of

appeal. *Scade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 436 N.E.2d 1001 (1982).

{¶31} P.H.'s first and second assignments of error are overruled.

{¶32} As to the issue P.H. raises in his third assignment of error, this court notes that he never filed a brief in opposition to the juvenile court's proposed judgment entry regarding his child support obligation. This court, nevertheless, will address his argument in the interest of the principle of Ohio jurisprudence that encourages deciding cases on their merits. *State ex rel. Brown v. Wauford*, 129 Ohio St.3d 17, 2011-Ohio-2858, 949 N.E.2d 999, fn. 1.

{¶33} P.H. asserts that the juvenile court lacked a legitimate basis for "denying" his request for a downward deviation in his child support obligation. He bases this assertion on the facts that the child spends a substantial amount of her time with him and that his income decreased as of May 2009. Because the record reflects, however, that the juvenile court actually granted his motion for the time after he lost his employment, P.H.'s assertion fails.

{¶34} Juvenile courts have considerable discretion in calculating child support; consequently, this court cannot disturb the court's decision unless an abuse of discretion occurred. *State ex rel. Spencer v. Gatten*, 8th Dist. No. 89398, 2007-Ohio-4071, ¶ 11. The record in this case does not present such a situation.

{¶35} In determining the appropriate level of child support, trial courts generally use the Ohio Child Support Guidelines and the applicable worksheets. *In re D.M.*, 8th

Dist. No. 87723, 2006-Ohio-6191, ¶ 69, citing *Kosovich v. Kosovich*, 11th Dist. No. 2004-L-075, 2005-Ohio-4774.  R.C. 3119.24(A)(1) provides that a court may deviate from the guideline child support calculation if it determines, based upon the factors and criteria enumerated in R.C. 3119.23, that the guideline support calculation would be "unjust or inappropriate * * * *and* would not be in the best interest of the child because of the *extraordinary* circumstances of the parents * * * ."  (Emphasis added.)

{¶36} The listed statutory factors set forth in R.C. 3119.23 include, in subsection (D), "[e]xtended parenting time * * *."  Thus, a deviation in child support may be warranted and in the best interest of the child based upon a parent's *increased* time with the child.  *Dyson v. Dyson*, 8th Dist. No. 96285, 2011-Ohio-4826.  The relevant statutes and the accompanying guidelines contemplate, however, an obligation that is based upon the parties' annual incomes and expenses.  *Id.*

{¶37} The best interest of the child remains the paramount concern.  The trial court must also consider that the costs associated with housing and clothing a child remain fixed, and do not change, even with an increase in parenting time.  *Id.*  Pursuant to Loc.R. 29(A), moreover, the juvenile court's "Standard Parenting Time Guidelines" under a SPP seek to have a child spend as close to fifty percent of her time with each parent as possible.

{¶38} In this case, the SPP deemed both P.H. and K.B. to be "residential" parents. Nothing in the record indicates P.H. spent any additional time with the child after the SPP

was drafted. The juvenile court, therefore, did not abuse its discretion in denying P.H.'s motion for a downward deviation on this ground. *Roberts v. Roberts*, 10th Dist. No. 08AP 27, 2008-Ohio-6121, ¶ 10-11.

{¶39} Finally, because the juvenile court reduced P.H.'s child support obligation after he lost his job, his assertion that the juvenile court denied his motion for a downward deviation has no basis in fact.

{¶40} P.H.'s third assignment of error also is overruled.

{¶41} The juvenile court's order is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MARY EILEEN KILBANE, J., CONCUR