OPINION
{¶ 1} Appellant, Kenneth J. Kosovich ("Kenneth"), appeals from the decision of the Lake County Court of Common Pleas, Domestic Relations Division, granting the April 29, 2002 motion to modify child support, filed by appellee, Elizabeth Kosovich ("Elizabeth"). For the reasons that follow, we affirm the decision of the trial court.
 {¶ 2} By way of background, Kenneth and Elizabeth were married on July 3, 1982, and had two children together: LeeAnne, born in 1986, and Kenneth Jr., in 1990. On July 15, 1998, Kenneth filed a complaint for divorce. On March 3, 2000, the court granted the parties a divorce and approved a shared parenting plan for the children, in which Kenneth was considered the residential parent for school purposes, and Kenneth and Elizabeth had approximately equal parenting time. Pursuant to Kenneth's agreement to pay spousal support in the amount of $1,000 per month for a period of 27 months, effective February 1, 2000, along with other factors, the court set Kenneth's monthly child support obligation at zero.
 {¶ 3} Relevant to the case sub judice, Elizabeth and Kenneth entered into an amended shared parenting plan on September 6, 2001, whereby Elizabeth became the primary residential parent, and Kenneth retained parenting time, in accordance with the court's standard order of visitation. Among the relevant changes with respect to the amended shared parenting plan, was the inclusion of Section V of the agreement, which provided that Kenneth's child support obligation was to "be limited to the Social Security Disability payments payable to the children due to [Kenneth's] disability." The agreement further provided that, "[a]t a later date, the court may consider the termination of father's spousal support payments in modifying child support." As a result of the amended shared parenting agreement, Kenneth's monthly child support obligation, with the exception of the aforementioned disability payments, remained at zero.
 {¶ 4} On April 29, 2002, Elizabeth filed a "motion to modify support" with the court, alleging a change in circumstances. It is undisputed that there was no affidavit attached to the motion, as required by Local Rule 12(A) of the Lake County Court of Common Pleas, Domestic Relations Division. However, Elizabeth did submit a worksheet with the motion, alleging that pursuant to the guidelines, Kenneth should be paying Elizabeth the sum of $272.83 per month per child, in addition to the amount paid by Social Security.
 {¶ 5} After several continuances, a hearing was held before the magistrate on January 2, 2003. At the hearing, Kenneth orally objected to Elizabeth's motion, on the basis of the lack of a supporting affidavit. The motion was overruled by the magistrate for two reasons. First, the magistrate stated that a written motion to dismiss was required. Second, the magistrate found that Elizabeth's failure to comply with the rule did not require dismissal, and that the purpose of the requirement of the affidavit under Local Rule 12(A), that is, to demonstrate a change in circumstances, was substantially complied with based on the attached worksheet, although it was not in affidavit form. The magistrate justified his decision on the basis that the rules did not require dismissal, and that if the action were dismissed, it would be without prejudice, and would merely require that the hearing be rescheduled.
 {¶ 6} On January 14, 2003, the magistrate filed his decision, granting Elizabeth's Motion to Modify Child Support. The magistrate determined, based upon Kenneth's stipulated income of $81,800 per year, and Elizabeth's stipulated income of $35,433.94 per year, that Kenneth was obligated to make a support payment of $267.74 per month per child. Kenneth's income was calculated based upon non-taxable disability insurance income of $5,445.00 per month, and taxable Social Security Disability benefits, totaling $1,320.00 per month. Elizabeth's income was based upon her salary for working at the Help Foundation, Inc., along with a $1,200.00 bonus she received the previous year, and stipulated wages of $829.14, she earned as a part-time waitress in 2002. The magistrate found that the calculated payment of $267.64 exceeded the ten-percent threshold from the $221.31 calculated pursuant to the amended shared parenting plan the parties entered into on September 6, 2001, and, therefore, the magistrate found a "substantial change in circumstances warranting the modification of child support."
 {¶ 7} On January 28, 2003, Kenneth timely filed objections to the magistrate's decision, thus preserving two issues currently on appeal. The trial court erred by failing to grant Kenneth's motion to dismiss, and the trial court erred by not deducting the $5,000 Kenneth spent for spousal support in calendar year 2002 from his gross income figure, and failing to add the same amount to Elizabeth's gross income figure in calculating his child support obligation.
 {¶ 8} On February 4, 2003, the trial court adopted the magistrate's decision, overruling Kenneth's objections, and ordering that Kenneth pay support in the amount of $267.64 per month, per child through the CSEA via income attachment.
 {¶ 9} Kenneth timely appealed, assigning the following as errors:
 {¶ 10} "[1.] The trial court failed to dismiss the Appellee's Motion to Modify Child Support.
 {¶ 11} "[2.] The trial court failed to properly calculate gross income for the purpose of Appellant's child support obligation."
 {¶ 12} In his first assignment of error, Kenneth argues that, pursuant to Local Rule 12(A) of the Lake County Court of Common Pleas, Elizabeth's "Motion to Modify Child Support" was facially defective, because it failed to include an affidavit, setting forth an affirmative change of circumstances.
 {¶ 13} An appellate court "will not reverse a trial court's decision to deviate from its own local rule or guideline absent an abuse of discretion." Parkins v. Parkins (Jan. 24, 1990), 3rd Dist. No. 5-88-18, 1990 Ohio App. LEXIS 354, at *10, citing 23 Ohio Jurisprudence 3d (1980), 119, 121, Courts and Judges, Sections 488, 489. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219 (citation omitted). Reversal, under an abuse of discretion standard, is appropriate only if the trial court's judgment renders a "result * * * palpably and grossly violative of fact and logic [so] that it evidences not the exercise of will but perversity of will, not in the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." State v.Jenkins (1984), 15 Ohio St.3d 164, 222 (citation omitted).
 {¶ 14} Our review of the record reveals that Elizabeth's "Motion to Modify Child Support" was actually an initial request for child support, as the trial court never issued a formal support order, either when the final decree of divorce was finalized, or when the shared parenting agreement was subsequently modified on September 6, 2001.[1]
 {¶ 15} Pursuant to the trial court's judgment of divorce, the court order stated, in relevant part:
 {¶ 16} "It is further ordered and adjudged that neither party shallpay to the other child support for the parties' two (2) minor children * * *." (Emphasis added).
 {¶ 17} The court's order incorporated Section V of the original shared parenting plan, dated March 3, 2000, which stated, in relevant part: "[a]t this time, neither parent shall pay the other child support due to the father paying the mother spousal support, each's (sic) time of possession, parties earning ability and father's disability, and expenses paid by each party."
 {¶ 18} Pursuant to the September 6, 2001 amended shared parenting agreement, Section V changed the obligations of the parties slightly, however, Kenneth's child support obligation remained at zero.[2]
Again, no support order was issued by the court.
 {¶ 19} Courts in Ohio are not required to order child support in every case. See Meyer v. Meyer (1985), 17 Ohio St.3d 222. Furthermore, "courts have recognized the validity of private agreements whereby a parent is relieved of liability for child support * * * to the extent that the child support obligation is redistributed from one parent to another, and not terminated or abandoned." Wise v. Wise (1993), 86 Ohio App.3d 702,704-705, citing Crow v. Crow (Apr. 16, 1990), 12th Dist. No. CA89-06-087, 1990 Ohio App. LEXIS 1460, at *6-*7; Jones v. Jones (Feb. 16, 1996), 11th Dist. No. 95-A-0050, 1996 Ohio App. LEXIS 512, at *10. Finally, R.C. 3109.05(A)(2) requires that any court making a support order must include the "requirement that all support payments be made through the office of child support in the department of job and family services." See 47 Ohio Jurisprudence 3d (1994), 381-382, Family Law, Section 1153.
 {¶ 20} Local Rule 12(A) of the Lake County Court of Common Pleas, Domestic Relations Division, provides that "[a]ny motion requesting a modification, increase or decrease of an existing child support * * * order shall set forth the specific language of the last order, the date of such order, and the reasons for requesting the modification. The motion shall be supported by an affidavit."
 {¶ 21} Since, under the unique facts of the instant case, there was noexisting child support order, as contemplated by Local Rule 12(A), we cannot say that the trial court abused its discretion in overruling Kenneth's motion to dismiss. Kenneth's first assignment of error is without merit.
 {¶ 22} In his second assignment of error, Kenneth alleges that the trial court failed to properly calculate gross income for the purposes of his child support obligation, claiming that the trial court erred by not deducting the $5,000 he paid on his spousal support obligation from his income and by not adding the same amount to Elizabeth's income. Kenneth maintains that had the spousal support obligation, which terminated on May 1, 2002, been allocated by the trial court in that manner, Elizabeth would not have been able to demonstrate a significant change in circumstances under the 10% test of Marker v. Grimm (1992),65 Ohio St.3d 139. We disagree.
 {¶ 23} In reviewing matters related to child support, an appellate court applies an abuse of discretion standard. Booth v. Booth (1989),44 Ohio St.3d 142, 144; Paskonis v. Paskonis, 11th Dist. No. 2003-L-211, 2004-Ohio-7240, at ¶ 38. "[I]t necessarily follows that a trial court's decision in domestic relations matters should not be disturbed on appeal unless the decision involves more than an error of judgment." Booth,44 Ohio St.3d at 144.
 {¶ 24} In our review of the record, we note that the magistrate's decision, as adopted by the trial court, contained a child support computation worksheet, as required by R.C. 3113.215 (repealed and replaced by R.C. 3119.02, et. seq) and DePalmo v. Depalmo,78 Ohio St.3d 535, 538, 1997-Ohio-184 (when a trial court establishes an initial child support order, * * * the Child Support Guidelines must be followed pursuant to the standard laid out in Marker v. Grimm (1992),65 Ohio St.3d 139.") These guidelines include, in relevant part, that "[a] child support computation worksheet, must actually be completed and made a part of the trial court's record." Id. (citation omitted). This requirement was satisfied here. Furthermore, "when the amount of child support provided by the noncustodial parent is zero, but the Child Support Guidelines clearly establish that the noncustodial parent owes support, then [the] ten percent difference is clearly met." Id. at 540. Thus, this argument is meritless.
 {¶ 25} Kenneth additionally argues that the magistrate erred by not deducting the amount he paid in spousal support and adding the same amount to Elizabeth's income for the purpose of determining child support. Courts in Ohio which have considered the issue have uniformly held that a "the proper treatment of spousal support payments from one party to the other in a child support proceedings [sic] is not to deduct spousal support paid from the payor's gross income calculation and not to include the amount received for spousal support in the payee's gross income calculation." Parzynski v. Parzynski (1992) 85 Ohio App.3d 423,434-435; Matrka v. Matrka, (1995), 100 Ohio App.3d 161, 165; Paulusv. Paulus, (1994), 95 Ohio App.3d 612, 614. Moreover, "the amount calculated using the schedule and worksheet is * * * `rebuttably presumed' to be the correct amount of child support due." Grimm,65 Ohio St.3d at 141. This argument is likewise without merit.
 {¶ 26} Thus, we cannot find that the court abused its discretion in ordering Kenneth to pay support in the amount of $267.64 per month, per child. Kenneth's second assignment of error is without merit.
 {¶ 27} For the foregoing reasons, we affirm the judgment of the Lake County Court of Common Pleas, Domestic Relations Division.
Ford, P.J., Rice, J., concur.
[1] R.C. 3119.01(B)(2) defines "Child support order" as "either a court child support order or an administrative child support order." A "court child support order" means any order issued by a court for the support of a child pursuant to * * * section * * * 3109.05 * * * of the revised code." R.C. 3119.01(C)(2). Shared parenting agreements, under R.C. 3109.04, are not contemplated in this statutory definition. Id. Administrative child support orders contemplate those orders "issued by a child support enforcement agency for the support of a child * * *." R.C. 3119.01(B)(1). Thus, the agreement entered into by Kenneth and Elizabeth is not subject to these definitions, where the court did not explicitly make the agreement subject to any order of support.
[2] In its February 3, 2004 judgment entry, the trial court found that the September 6, 2001 agreement was based upon the amount of time each party had with the children and the fact that Kenneth was paying spousal support to Elizabeth. The trial court found that the agreement contemplated the termination of spousal support as a factor that "should be considered in any future calculations." We note, however, that the issues of spousal support and child support are separate and distinct.Conroy v. Conroy (Aug.12, 1993), 10th Dist. No. 93-AP-27, 1993 Ohio App. LEXIS 3913, at *12 (citations omitted); Bowling v. Bowling (Oct. 17, 1984), 1st Dist. No. C-830846, 1984 Ohio App. LEXIS 11038, at*5. The court, in its judgment entry, also expressed concern about the propriety of filing a motion in anticipation of "an expected change in circumstances," and requested counsel to brief the issue. Since both parties failed to brief this issue, the court concluded that the parties agreed that the filing was appropriate. As is discussed in the opinion, since the motion filed was not a motion to modify, the time of the termination of spousal support, as well as when the motion was actually filed, are irrelevant for the purposes of determining this appeal.