OPINION
{¶ 1} Appellant, Kenneth J. Kosovich, appeals from the April 7, 2004 judgment entry of the Lake County Court of Common Pleas, Domestic Relations Division, overruling appellant's objections and adopting the magistrate's decision.
 {¶ 2} On July 15, 1998, appellant filed a complaint for divorce against appellee, Elizabeth A. Kosovich.[1] On August 6, 1998, appellee filed an answer and counterclaim against appellant. Appellant filed a reply on September 1, 1998.
 {¶ 3} On March 3, 2000, the trial court granted the parties a divorce and approved a shared parenting plan in which appellant was considered the residential parent for school purposes, and appellant and appellee had approximately equal parenting time. Pursuant to appellant's agreement to pay spousal support in the amount of $1,000 per month for a period of twenty-seven months, effective February 1, 2000, the trial court set appellant's monthly child support obligation at zero.
 {¶ 4} On September 6, 2001, the trial court granted the parties' amended shared parenting plan in which appellee was designated as the primary residential parent and appellant retained parenting time in accordance with the trial court's standard order of visitation. The amended shared parenting plan provided that appellant's child support obligation was to be limited to the Social Security Disability payments payable to the minor children due to appellant's disability, and that the trial court may consider the termination of appellant's spousal support payments in modifying child support. With the exception of the foregoing disability payments, the parties agreed to deviate the amount of child support to zero.
 {¶ 5} On April 29, 2002, appellee filed a motion to modify child support, alleging that appellant should pay her the sum of $272.83 per month per child in addition to the amount paid by Social Security. A hearing was held before the magistrate on January 2, 2003. On January 14, 2003, the magistrate filed his decision, recommending that appellee's motion to modify child support be granted. Based upon appellant's stipulated income of $81,800 per year and appellee's stipulated income of $35,433.94 per year, the magistrate determined that appellant was obligated to make a support payment of $267.74 per month per child. On January 28, 2003, appellant timely filed objections to the magistrate's decision. On February 4, 2003, the trial court adopted the magistrate's decision and ordered appellant to pay child support in the amount of $267.64 per month per child.[2]
 {¶ 6} Again, on April 11, 2003, appellee filed another motion to modify child support while the first appeal was pending. A hearing was held before the magistrate on June 11, 2003. At that hearing, the parties stipulated that the minor children each receive $350 per month in Social Security benefits as a result of appellant's disability. The parties also stipulated that appellant receives $1,340 per month in Social Security benefits and $5,490 from a disability policy from Northwestern Mutual Life Insurance.
 {¶ 7} Appellee testified that she was employed as a program coordinator with the Help Foundation, where she earned $1,323.20 every two weeks. Appellee indicated that in 2003, she received paid time off in the amount of $3,551 in addition to her bi-weekly salary. Appellee stated that she receives $700 per month in Social Security benefits for the minor children due to appellant's disability. Also, appellee said that health insurance costs for the minor children were $188.04 bi-weekly for both children.
 {¶ 8} Appellant testified that he is a retired dentist and that he is permanently disabled. Appellant indicated that his monthly medical expenses relating to his disability which are not covered by insurance range from $700 to $1,500 per month. On cross-examination, appellant could not state what constituted those medical expenses. On re-direct examination, appellant said that it was difficult to put a handle on the breakdown of all of his out-of-pocket medical expenses. Appellant maintained that his medical condition puts a financial strain on his monthly budget.
 {¶ 9} Pursuant to his June 18, 2003 decision, the magistrate recommended that appellee's motion to modify child support should be granted and that appellant's obligation should be increased from $212.31 to $318.24 per month per child. On July 1, 2003, appellant filed preliminary objections, and on September 5, 2003, filed supplemental objections to the magistrate's decision.
 {¶ 10} Pursuant to its April 7, 2004 judgment entry, the trial court overruled appellant's objections and adopted the magistrate's decision. The trial court determined that appellant should pay appellee child support for the minor children in the amount of $318.24 per month per child. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignment of error:
 {¶ 11} "The [t]rial [c]ourt [e]rred in [f]ailing to [d]eviate from the [c]hild [s]upport [g]uidelines."
 {¶ 12} In his sole assignment of error, appellant argues that the trial court erred in failing to deviate from the child support guidelines. Appellant maintains that his expenses will increase as a result of spending more time with his son. Appellant posits that the trial court failed to consider evidence and testimony relating to his out-of-pocket medical expenses.
 {¶ 13} This court stated in Williams v. Williams, 11th Dist. No. 2002-L-096, 2003-Ohio-1977, at ¶ 16-19, that:
 {¶ 14} "[g]enerally, courts use the Ohio Child Support Guidelines in ascertaining the appropriate level of child support. Coleman v.Campbell, 11th Dist. No. 2001-G-2401, [2002-Ohio-3841, at ¶ 12], citingHurdelbrink v. Hurdelbrink (1989), 45 Ohio App.3d 5, 5 * * *. However, a court may deviate from these guidelines at its discretion, upon consideration of the statutory factors listed in R.C. 3119.23, and upon a determination that the amount calculated would be unjust or inappropriate and would not be in the best interest of the child. R.C. 3109.22 and Coleman, supra, citing Carpenter v. Reis (1996),109 Ohio App.3d 499, 504 * * *. The term `abuse of discretion' infers more than an error of law or judgment; it suggests that the court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219 * * *. Absent an abuse of discretion, a trial court's determination will not be disturbed on appeal. Pauly v. Pauly [1997], 80 Ohio St.3d 386, 390 * * *. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. In re Jane Doe 1
(1990), 57 Ohio St.3d 135, 137-138 * * *.
 {¶ 15} "R.C. 3119.022 governs procedures for awarding and calculating child support. Its provisions are mandatory in nature and must be followed literally and technically in all material respects because the overriding concern is the best interest of the child for whom the support is being awarded. Coleman, supra, at [¶ 13], citing Marker v. Grimm
(1992), 65 Ohio St.3d 139, 141-142 * * *. If the trial court makes the proper calculations on the applicable worksheet, the amount shown is `rebuttably presumed' to be the correct amount of child support due. R.C. 3119.03. Furthermore, a party that attempts to rebut the basic child support guideline amount has the burden of providing evidence which proves that the calculated award is unjust, inappropriate or not in the best interest of the child. Coleman, at [¶ 13].
 {¶ 16} "R.C. 3119.23 enumerates the factors to be considered by a court prior to deviating from the amount of support that would otherwise result from the use of the schedule where such amount would be unjust or inappropriate and would not be in the best interest of the child. These factors include any special and unusual needs of the children; extraordinary obligations relative to other children not of the marriage; other court-ordered payments; extended times of visitation or extraordinary costs associated with visitation; additional employment undertaken to support another family; financial resources and earning ability of the children; disparity in incomes of the parties; benefits conferred by living arrangements of the parties; taxes to be paid by each parent; in-kind contributions; the financial resources of each parent; the standard of living the children would have enjoyed but for the separation of the parties; physical and emotional needs of the children; educational needs and opportunities of the children; responsibility of each parent for support of another person; and any other relevant factor. See R.C. 3119.23(A)-(P).
 {¶ 17} "Moreover, we note that there is `no authority for requiring a trial court to deviate from the child support guidelines merely because a deviation would be permissible, or even desirable.' (Emphasis sic.)Fitzgerald v. Fitzgerald [(Jan. 24, 1997)], 2d Dist. No. 15982, 1997 WL 24807, at 7." (Parallel citations omitted.)
 {¶ 18} In the case at bar, the trial court did not abuse its discretion when it refused to deviate from the amount calculated in accordance with the child support guidelines. We note that the magistrate's decision, which was adopted by the trial court, contained a child support computation worksheet as required by R.C. 3119.022. The child support for the minor children was calculated according to the worksheet, and unless the trial court deviates from this amount, the court does not need to justify its decision. Williams, supra, ¶ 20. In addition, based on Coleman, supra, appellant failed to meet his burden of demonstrating that the guideline amount of child support was unjust, inappropriate, or not in the best interest of the minor children. Also, appellant has not shown that a deviation from the amount was warranted.Williams, supra, at ¶ 20.
 {¶ 19} The magistrate heard testimony from both appellant and appellee. Again, appellant stated on direct examination that he had medical expenses ranging from $700 to $1,500 per month. On cross-examination, however, appellant could not answer exactly what those medical expenses were. Also, appellant failed to demonstrate that he had his son for a significant time to justify a deviation in child support. Although appellant spends five weeks with his son each summer and an additional fourteen hours every other weekend during the school year, appellant offered no evidence with respect to any additional expenses incurred. We agree with the trial court regarding the fact that appellant spends substantially less time with his daughter, which would offset some or all of any additional expenses incurred with respect to his son.
 {¶ 20} In addition, pursuant to R.C. 3119.23, we must note the disparity in the incomes of the parties. Appellant has a total gross income in excess of $80,000, all of which is non-taxable, whereas appellee has a total gross income of over $35,000, which is before tax income. It is clear that the trial court did not abuse its discretion by not granting a deviation to appellant.
 {¶ 21} For the foregoing reasons, appellant's sole assignment of error is not well-taken. The judgment of the Lake County Court of Common Pleas, Domestic Relations Division, is affirmed.
Grendell, J., Cynthia Westcott Rice, J., concur.
[1] Appellant and appellee were married on July 3, 1982, and two children were born as issue of the marriage: LeeAnne, d.o.b., May 5, 1986, and Kenneth Jr., d.o.b., December 8, 1990 ("minor children").
[2] Based on the trial court's decision, appellant filed a notice of appeal with this court. Kosovich v. Kosovich, 11th Dist. No. 2004-L-044,2005-Ohio-3084.