OPINION
{¶ 1} This matter is before the court on the Notice of Appeal of pro se Appellant Jennifer L. Banks, filed February 18, 2005. Appellee James S. Banks did not file a brief in response. In determining an appeal in which Appellee fails to submit a brief, we may "accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App. R. 18(C).
 {¶ 2} The parties were granted a Final Judgment and Decree of Divorce on May 5, 2000. Their marriage produced two children, Christopher, born September 15, 1985, and Gregory, born October 22, 1987. A child support hearing was held before the Magistrate on July 26, 2004, and a Decision and Permanent Order was issued August 18, 2004, to which Appellant filed Objections and Supplemental Objections. At the time this matter was before the Magistrate, James had custody of Gregory, and Christopher had been emancipated. The trial court overruled Jennifer's Objections and affirmed the Magistrate's Decision.
 {¶ 3} The standard of appellate review of a trial court's determination in a domestic relations case is abuse of discretion; "a trial court's decision in domestic relations matters should not be disturbed on appeal unless the decision involves more than an error in judgment." Booth v. Booth (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028.
 {¶ 4} Jennifer's first assignment of error is as follows:
 {¶ 5} "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF/APPELLANT AND ABUSED ITS DISCRETION BY INCLUDING OUT OF POCKET MEDICAL EXPENSES TO JENNIFER'S CHILD SUPPORT OBLIGATION"
 {¶ 6} Attached to its Decision and Permanent Order is a Standard Order of Health Care Needs for Dependent Children, in which the Magistrate ordered James to provide group health insurance coverage for the dependent child herein, and to assume the first $100.00 of uninsured medical, dental, and optical expenses. The Magistrate ordered the parties to share the remaining medical, dental, optical and all psychological expenses as follows: 77% James; 23% Jennifer.
 {¶ 7} "Any child support order must account for the health care needs of the child." Davenport v. Davenport, Belmont App. No. 02 BE 47, 2003-Ohio-4877. R.C. 3119.05(F) provides that the court "shall issue a separate order for extraordinary medical or dental expenses, including, but not limited to, orthodontia, psychological, appropriate private education, and other expenses, and may consider the expenses in adjusting a child support order." "Extraordinary expenses" are defied as "any uninsured medical expenses incurred for a child during a calendar year that exceed one hundred dollars." R.C. 3119.01(C)(4). There being no abuse of discretion in the trial court's Decision and Judgment sustaining the Magistrate's proper adjustment of the child support order herein to account for extraordinary expenses, Jennifer's first assignment of error is overruled.
 {¶ 8} Jennifer's second assignment of error is as follows:
 {¶ 9} "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF/APPELLANT AND ABUSED ITS DISCRETION BY NOT DEVIATING FROM THE MODIFIED CHILD SUPPORT ORDER PURSUANT TO THE COURT ORDERED CHILD SUPPORT OBLIGATION"
 {¶ 10} The Magistrate increased the child support order from $82 per month for one child to $245 per month for one child, effective July 26, 2004, payable by Jennifer, and decreased Jennifer's child support arrearage payment from $106.80 to $24.80 per month.
 {¶ 11} Courts generally use the Ohio Child Support Guidelines in determining the appropriate level of child support. Kosovich v.Kosovich, Lake App. No. 2004-L-075, 2005-Ohio-4774. A court may, however, deviate from the guidelines "upon consideration of the statutory factors listed in R.C. 3119.23, and upon a determination that the amount calculated would be unjust or inappropriate and would not be in best interest of the child." Id. "If the trial court makes the proper calculations on the applicable worksheet, the amount shown is `rebuttably presumed' to be the correct amount of child support due." Id. (quoting R.C. 3119.03). "[A] party that attempts to rebut the basic child support guideline amount has the burden of providing evidence which proves that the calculated award is unjust, inappropriate or not in the best interest of the child." Id.
 {¶ 12} We initially note that the trial court stated that "[t]he magistrate found that the plaintiff was voluntarily under-employed at this time." In fact, the Magistrate stated that, "[b]ased on the evidence presented, the court is unable to determine if the plaintiff/obligor is voluntarily under-employed." The trial court also noted that, "[p]articularly, the plaintiff's argument that the magistrate should have deviated from the guidelines is not supported by the testimony presented."
 {¶ 13} "`R.C. 3119.23 enumerates the factors to be considered by a court prior to deviating from the amount of support that would otherwise result from the use of the schedule where such amount would be unjust or inappropriate and would not be in the best interest of the child. These factors included any special and unusual needs of the children; extraordinary obligations relative to other children not of the marriage; other court-ordered payments; extended times of visitation or extraordinary costs associated with visitation; additional employment undertaken to support another family; financial resources and earning ability of the children; disparity in incomes of the parties; benefits conferred by living arrangements of the parties; taxes to be paid by each parent; in-kind contributions; the financial resources of each parent; the standard of living the children would have enjoyed but for the separation of the parties; physical and emotional needs of the children; educational needs and opportunities of the children; responsibility of each parent for support of another person; and any other relevant factor.'"Kosovich. Simply because a deviation from the child support guidelines is "permissible, or even desirable," there is no authority that requires a trial court to deviate from the guidelines. Id.
 {¶ 14} The Magistrate's Decision, which the trial court adopted, contained a computation worksheet as required by R.C. 3119.022. The Magistrate calculated an amount according to the worksheet, and "unless the trial court deviates from this amount, the court does not need to justify its decision." Id. Jennifer did not meet her burden of showing that the amount of child support ordered was unjust, inappropriate, or not in the best interest of the child, and that a deviation from the child support guideline amount was justified. The Magistrate heard testimony from both parties. Jennifer testified that she has limited supervised visitation, and that James accordingly has an additional financial responsibility for the child. James has remarried and had another child, and his wife is not working. He pays Jennifer $11,328.00 in spousal support. He has not asked Jennifer to reimburse him for out of pocket medical or dental expenses. The trial court correctly noted that in reducing the arrearage payment, the net effect of the modification was $81 per month. For the foregoing reasons, we conclude that the trial court did not abuse its discretion in refusing to deviate from the amount calculated pursuant to the child support guidelines. Jennifers's second assignment of error is overruled, and the judgment of the trial court is affirmed.
Fain, J. and Grady, J., concur.