OPINION
{¶ 1} Defendant-appellant, Michael A. Mayo, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, granting him a divorce from plaintiff-appellee, Helen MacMurray, awarding him spousal support in the amount of $3,000 per month for six years and requiring him to pay plaintiff $505.50 per month for child support. Because the trial court acted within its discretion in determining *Page 2 
both the amount and duration of the spousal support award and in awarding child support to plaintiff, we affirm.
 {¶ 2} The parties were married August 8, 1987, and two children were born of the marriage, Sarah and Ryan. After living separate from defendant since April 2004, plaintiff filed for divorce on November 1, 2004; the parties agreed they are incompatible. At trial held on October 2 and 3, 2006, the parties not only stipulated property values and outstanding debts, but reached agreement on division of marital property and repayment of marital debt.
 {¶ 3} The only disputed issues were child support and spousal support. The trial court found an award of spousal support was "appropriate and reasonable" and awarded defendant $3,000 per month for six years, retaining jurisdiction to modify the amount, but not the duration, of spousal support. After completing the child support worksheet, the trial court awarded plaintiff child support in the amount of $505.50 per month. Defendant appeals, assigning four errors:
 Assignment of Error No. 1
 The trial [court] erred and abused its' [sic] discretion by issuing a durational spousal support order.
 Assignment of Error No. 2
 The trial [court] erred and abused its' [sic] discretion by a spousal support order that was insufficient in amount.
 Assignment of Error No. 3
 The trial [court] erred and abused its' [sic] discretion by issuing a child support award to Appellee. *Page 3 
 Assignment of Error No. 4
 The trial [court] erred and abused its' [sic] discretion by not awarding child support to Appellant.
I. First Assignment of Error {¶ 4} In his first assignment of error, defendant contends the trial court abused its discretion when it issued a durational spousal support order. Despite the general rule that spousal support should be limited in duration, defendant asserts the trial court should have awarded permanent spousal support, given the length of the parties' marriage and his illness.
 {¶ 5} A trial court has broad discretion to determine the proper amount of spousal support based on the particular facts and circumstances of each case. Kunkle v. Kunkle (1990), 51 Ohio St.3d 64,67. An abuse of discretion exists when the trial court's decision is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 6} Pursuant to R.C. 3105.18(C)(1), the trial court must consider the statute's enumerated factors in determining whether spousal support is appropriate and reasonable, and in determining the nature, amount, terms of payment, and duration of spousal support. The factors include the parties' income, relative earning abilities, and relative retirement benefits, the parties' ages and their physical, mental, and emotional conditions, the parties' relative extent of education and contribution to the other's education, training, or earning ability, as well as the duration of, and the parties' standard of living established during the marriage. *Page 4 
 {¶ 7} The trial court further is to consider the extent to which a party appropriately may seek employment outside the home in light of custodial responsibilities to a minor child of the marriage, as well as the time and expense necessary for the spouse who is seeking spousal support to acquire, if sought, the education, training, or job experience to qualify the spouse to obtain appropriate employment. The statute also requires the court to consider the tax consequences, for each party, of a spousal support award, the parties' relative assets and liabilities, including any court ordered payments, either party's lost income production capacity resulting from that party's marital responsibilities, and any other factor the court expressly finds to be relevant and equitable. The trial court is not required to comment on each statutory factor; rather, the record need only show the court considered them in making its award. McClung v. McClung, Franklin App. No. 03AP-156, 2004-Ohio-240, at ¶ 21.
 {¶ 8} Where a payee spouse has the resources, ability and potential to be self-supporting, an award of sustenance alimony should provide for terminating the award within a reasonable time and upon a date certain, in order to place a definitive limit upon the parties' rights and responsibilities. Kunkle, supra, paragraph one of the syllabus.Kunkle noted three exceptions to the general rule: marriages of long duration, parties of advanced age, or a homemaker-spouse with little opportunity to develop meaningful employment outside the home. Id. Defendant attempts to invoke an exception to the Kunkle rule, contending his marriage to plaintiff was one of "relatively long duration" and he has "virtually no opportunity to develop meaningful employment outside of the home" due to his disability. (Defendant's brief, 7.) Defendant's attempts are unavailing. *Page 5 
 {¶ 9} "[A] marriage of long duration `in and of itself would permit a trial court to award spousal support of indefinite duration without abusing its discretion or running afoul of the mandates ofKunkle.'" Vanke v. Vanke (1994), 93 Ohio App.3d 373, 377, quotingCorpac v. Corpac (Feb. 27, 1992), Franklin App. No. 91AP-1036. UnlikeVanke, however, the issue here is whether the parties' marriage was of such duration as to require the trial court to award spousal support of indefinite duration. Limited duration spousal support awards have been held not to be an abuse of discretion in marriages of 16 and 17 years.Ervin v. Ervin (July 16, 1999), Mahoning App. No. 96 CA 177;Millstein v. Millstein, Cuyahoga App. No. 79617, 2002-Ohio-4783 (affirming spousal support limited in duration despite marriage lasting 17 years from date of the wedding to filing of the divorce). By contrast, awards of spousal support of unlimited duration generally have been made only for marriages lasting a minimum of 19 years, calculated from the time of the wedding to the date the divorce complaint was filed. See Jordan v. Jordan, Hancock App. No. 5-03-07, 2003-Ohio-7116;Bowen v. Bowen (1999), 132 Ohio App.3d 616; Soley v. Soley (1995),101 Ohio App.3d 540. Calculating the wedding date, to the date plaintiff filed her divorce compliant, defendant's 17-year marriage to plaintiff, while on the borderline of a marriage of long duration forKunkle purposes, is not, in the absence of other Kunkle factors, such as to require the trial court to award spousal support of unlimited duration.
 {¶ 10} Defendant alternatively claims his disability entitles him to a spousal support award of indefinite duration. Kunkle does not specifically create a disability exception to the general rule that spousal support be limited in duration, but instead allows an exception for "a homemaker-spouse with little opportunity to develop meaningful employment outside the home." Kunkle, supra. In an attempt to bring his circumstances *Page 6 
within the exception, defendant asserts he stayed home to take care of the couples' children in 2003. He further notes the trial court's finding that "[t]he parties had a mutual agreement when the children were younger that [defendant] assume more responsibilities at home caring for the children while [plaintiff] worked long hours at her demanding jobs." (Judgment Order, 3.)
 {¶ 11} The Kunkle exception has been applied to spouses who remained out of the workforce for significant periods of time in order to tend to family obligations. Arena v. Arena (Sept. 29, 1995), Franklin App. No. 94APF09-1338. Using defendant's own terminology, the exemption applies to "exclusive homemakers," a category for which defendant admits he does not necessarily qualify. (Defendant's brief, 8.) Indeed, nothing in the record reflects that defendant was out of the workforce for an extended period of time due to familial obligations, or that his greater share of responsibilities at home earlier in the marriage prevented him from engaging in paid employment outside the home.
 {¶ 12} Finally, defendant urges that while his circumstances may not fit within the confines of the Kunkle exceptions, the trial court erred in failing to provide a justification for limiting the spousal support to six years. He asserts his physical condition will continue to deteriorate due to his illness, and, despite his request for "specific Findings of Fact and Conclusions of Law" filed on November 28, 2006, the trial court failed to provide specific findings in its December 13, 2006 decision.
 {¶ 13} Initially, we note the trial court provided findings of fact and conclusions of law in its decision; it, however, did not provide a specific finding relative to the duration of spousal support. Under certain circumstances, a trial court's failure to provide findings to support spousal support of limited duration constitutes error requiring a remand to enable *Page 7 
the trial court to make such findings. Arena, supra. Arena, however, was a Kunkle case involving a homemaker-spouse whom the trial court specifically found lacked a "present ability to obtain gainful employment." Id. In light of those factors, this court held the trial court should have provided findings regarding the homemaker-spouse's ability to become self-supporting before the termination of spousal support. Id. Similarly, the two cases defendant cited are alsoKunkle cases involving marriages of long duration. See Layne v.Layne (1992), 83 Ohio App.3d 559 (addressing a 26-year marriage);Carlton v. Carlton (Mar. 2, 1994), Montgomery App. No. 13837 (23-year marriage). Because defendant did not demonstrate any of theKunkle factors here, the case fails to present the need for explanation found in Layne and Carlton.
 {¶ 14} At its core, defendant's argument under the first assignment of error is premised on defendant's belief that he established his illness constitutes a disability rendering him incapable of becoming self-supporting. Defendant's argument is not persuasive for two reasons. Initially, it attempts to apply Kunkle to a non-Kunkle fact scenario. Only when a Kunkle exception applies must a trial court, if it awards spousal support of limited duration, specifically find that the spouse receiving support will become self-sufficient. In all other cases, the support award is presumed to be limited in duration, and no justification is needed for the support award to be terminated. SeeKunkle, at paragraph one of the syllabus (stating that "an award of sustenance alimony should provide for the termination of the award"). While defendant's situation may be challenging, it fails to qualify as aKunkle exception.
 {¶ 15} Secondly, defendant wrongly asserts his trial evidence demonstrated he is incapable of becoming self-supporting. Defendant himself testified about his desire to reenter *Page 8 
the workforce, and at no time did defendant offer evidence suggesting his illness prevented him from engaging in paid employment. To the contrary, at one point defendant stated, "I never said I couldn't work." (Tr. 433.) Similarly, he answered affirmatively when plaintiff's counsel asked if his goal was to obtain a job with medical benefits within three years, testifying to sending out resumes and going to interviews in efforts to find employment. Indeed, defendant's own testimony indicated that, despite his illness, he believed he was capable of becoming self-supporting, an achievement that in itself obviates the need for spousal support of unlimited duration. After considering such testimony, the trial court responded to defendant's request for specific factual findings by finding defendant is in "fair physical, mental and emotional health." (Judgment Order, 7.) Given the evidence, the trial court neither failed to make the requested findings nor abused its discretion in the findings it made.
 {¶ 16} We recognize the trial court also noted defendant "produced no medical reports to state he cannot work part time because of his physical, mental, or emotional conditions." (Judgment Order, 3.) A medical diagnosis, however, is neither necessary nor standing alone, sufficient to support a finding that a spouse is not able to work.Billingham v. Billingham (Feb. 16, 2001), Montgomery App. No. 18403, citing Milam v. Milam (Oct. 19, 1994), Greene App. No. 94-CA-23. Thus, a party is not required to present expert medical testimony substantiating certain medical problems where the injured party testifies and is subject to a thorough cross-examination. Id., citing Gullia v.Gullia (1994), 93 Ohio App.3d 653, 662, citing Denney v. Denney (Jan. 25, 1985), Montgomery C.P. No. 8667. In the absence of such expert testimony, however, the party risks the trial court's finding the party's testimony unpersuasive, as here. In any event, to the extent the trial *Page 9 
court suggested such evidence is necessary, any error is harmless in light of defendant's own testimony supporting the trial court's decision. Accordingly, defendant's first assignment of error is overruled.
II. Second Assignment of Error {¶ 17} Defendant's second assignment of error contends the trial court erred in awarding him an insufficient amount of spousal support. He further asserts that, contrary to his request, the trial court failed to provide specific findings to support its decision. As with the duration of spousal support, the trial court has broad discretion in determining the proper amount of spousal support.
 {¶ 18} Contrary to defendant's suggestion, the trial court analyzed all the statutory factors listed in R.C. 3105.18(C)(1) and made findings of fact to support the spousal support award. Among them, the trial court found defendant was "much more frugal" than plaintiff, comparing his then monthly expenses of over $4,000 to plaintiff's monthly expenditures in excess of $6,000. At the same time, the court found plaintiff will bear a greater responsibility for the college costs of the parties' children. Significantly, the court found defendant, though looking for part-time employment paying approximately $9,600, "seemed uninterested in pursuing a new vocation." (Judgment Order, 7.) The trial court also noted that, pursuant to the parties' division of assets and liabilities, defendant retained his retirement account, while the majority of plaintiff's retirement savings were depleted to pay marital credit card debt.
 {¶ 19} In the end, the trial court combined defendant's Social Security disability compensation with his spousal support award to give defendant a monthly income of $4,500 that exceeds his monthly expenses. In the face of such facts, we cannot say the *Page 10 
trial court abused its discretion in the amount of the spousal support awarded to defendant. Defendant's second assignment of error is overruled.
III. Third and Fourth Assignments of Error {¶ 20} Because defendant's third and fourth assignments of error are interrelated, we address them jointly. In them, defendant contends the trial court erred in ordering him to pay child support to plaintiff; he asserts plaintiff should be ordered to pay him child support. A trial court has considerable discretion related to the calculation of child support, and, absent an abuse of discretion, an appellate court will not disturb a child support order. Pauly v. Pauly (1997), 80 Ohio St.3d 386,390. The trial court does not abuse its discretion where some competent, credible evidence supports the court's decision. Ross v. Ross (1980), 64 Ohio St.2d 203, 208.
 {¶ 21} At the time a trial court orders child support, the court must complete a child support guideline worksheet and make it part of the trial court's record. Marker v. Grimm (1992), 65 Ohio St.3d 139, paragraph one of the syllabus; R.C. 3119.022. The guideline amount is rebuttably presumed to be the correct amount of child support to be awarded, although the court, with supporting factual findings, may deviate from the guideline worksheet. See Marker, supra; R.C. 3119.03;3119.022. R.C. 3119.022 provides the worksheet the trial court must complete to determine the child support obligation if the case involves a sole residential parent or shared parenting.
 {¶ 22} Defendant initially contends the trial court erred in designating him to be the obligor parent without explaining the basis for its determination. See French v. Burkhart (May 22, 2000), Delaware App. No. 99CAF07038 (concluding a trial court must "state specific facts in support of any decision to initially designate a non-residential, i.e., obligor *Page 11 
parent for completion of the child support worksheet in shared parenting cases"); Mahlerwein v. Mahlerwein, 160 Ohio App.3d 564, 2005-Ohio-1835. See, also, Cameron v. Cameron, Franklin App. No. 06AP-793,2007-Ohio-3994, ¶ 14 (noting "we are not bound by the decision inFrench," but then determining the trial court explained why it determined one parent to be the obligor); Sexton v. Sexton, Franklin App. No. 07AP-396, 2007-Ohio-6539.
 {¶ 23} In determining defendant owed plaintiff child support, the trial court incorporated by reference the parties' shared parenting plan into its judgment order, and physically attached to the order the court's child support guideline worksheet with the court's computations. According to the "Physical Living Arrangement" section of the parties' shared parenting plan, both plaintiff and defendant are designated residential parents of their minor children. The plan provides that defendant has parenting time from 6:00 p.m. on Sunday to Monday at 8 a.m., from Tuesday at 5:00 p.m. to 8:00 a.m. on Wednesday, and from 5:00 p.m. on Thursday to Friday at 8:00 a.m.; the children reside with plaintiff at all other times.
 {¶ 24} Given that information, the trial court designated plaintiff the residential parent on the worksheet. In completing the worksheet, the court further found defendant collects Social Security disability payments, with defendant receiving $1,502 monthly, plus an additional $550 monthly on behalf of the children, all in non-taxable dollars. The completed worksheet stated defendant should pay plaintiff $505.50 per month for the two children plus two percent processing fee, for a total monthly child support award of $515.61 for the two children. The trial court did not deviate from the computed amounts. *Page 12 
 {¶ 25} Despite the terms of the shared parenting plan, the trial court properly could designate plaintiff the "residential parent and legal custodian." The trial court, not a shared parenting plan, appropriately makes such a designation. Fisher v. Hasenjager, 116 Ohio St.3d 53,2007-Ohio-5589. In so holding, Fisher explained a "plan" is statutorily different from an "order," concluding "[a] plan is not used by a court to designate the residential parent or legal custodian; that designation is made by the court in an order or decree." Id. at ¶ 31.
 {¶ 26} Here, although the trial court incorporated the parties' shared parenting plan by reference into its order, it did not adopt it. Nor did it issue a specific shared parenting decree or order. Even though the shared parenting plan states both parties are residential parents, the shared parenting plan did not bind the court to reach the same conclusion. Rather, the trial court's express designation in the child support worksheet that plaintiff be the "residential parent and legal custodian" controls. Fisher, supra. See, also, R.C. 3109.04(K) (providing that each parent in a shared parenting arrangement is the residential parent unless the court's order provides otherwise).
 {¶ 27} Defendant contends the trial court nonetheless erred in failing to explain the basis for its designation. Defendant, however, points to no statutory requirement that the court do so. Although R.C. 3119.022
requires a trial court to explain any deviation from a shared parenting order, the trial court here did not deviate from the order when it designated an obligor parent for the child support worksheet. Indeed, R.C. 3119.24 suggests that, even in shared parenting cases, a trial court must complete a worksheet, and in doing so necessarily select one parent as the obligor. Warner v. Warner, Union App. No. 14-03-10, 2003-Ohio-5132; see R.C. 3119.24 (requiring a court issuing a *Page 13 
shared parenting order to "order an amount of child support to be paid * * * calculated in accordance with the schedule and with the worksheet * * * [unless] that amount would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of the extraordinary circumstances of the parents or because of any other factors or criteria set forth in section 3119.23").
 {¶ 28} Moreover, we are disinclined to conclude the trial court issued no explanation for its decision, given that it attached to its order the shared parenting plan containing the pertinent factual premises for choosing plaintiff to be the residential parent and legal custodian on the child support worksheet. According to that plan, defendant has the children for 44 hours each week, or about 25 percent of the time; plaintiff has them for 124 hours per week, or about 75 percent of the time. Plaintiff is responsible for 75 percent of the chidren's unreimbursed medical, dental, optical, surgical, pharmaceutical and hospital expenses; defendant is responsible for 25 percent.
 {¶ 29} While the better practice may be for the trial court to set out such facts in the context of its residential parent designation, little would be gained in remanding for such an exercise here, where the facts supporting the trial court's designation are specifically incorporated into the trial court's order. Once plaintiff was designated the residential parent and legal custodian, then pursuant to R.C. 3119.07(A) defendant, who is not designated "residential parent and legal custodian," became the "obligor" on the child support worksheet. Having made designations the evidence supports, the trial court followed the child support worksheet computations and ordered child support as the calculations dictate. See Tonti v. Tonti, Franklin App. No. 03AP-494,2004-Ohio-2529, at ¶ 83 (concluding that "in a shared parenting arrangement, R.C. 3113.215[B][6][a] requires *Page 14 
the trial court to order the guideline amount unless the court determines that the amount calculated would be unjust or inappropriate and would not be in the best interests of the children]").
 {¶ 30} Defendant next challenges the trial court's refusal to deviate from the worksheet. Defendant bears the burden of "presenting evidence which demonstrates that the calculated award is unjust or inappropriate and would not be in the best interests of the children." Spencer v.Spencer, Stark App. No. 2005-CA-00263, 2006-Ohio-1913, at ¶ 44, citingMurray v. Murray (1999), 128 Ohio App.3d 662, 671. Extraordinary circumstances that permit deviation include (1) the amount of time the children spend with each parent, (2) the ability of each parent to maintain adequate housing for the children, (3) each parent's expenses, and (4) any other circumstances the court considers relevant. R.C.3119.24(B).
 {¶ 31} None of the four elements is present here. The children spend considerably more time with plaintiff. Both parents will retain their current housing, and defendant receives from his Social Security disability payments and spousal support more than enough money to meet his current expenses. While he was ordered to pay $505.50 per month in child support, the court found he receives $550 per month from Social Security for the children, an amount the trial court did not factor into his income. Finally, the trial court did not err in failing to consider defendant's illness as an additional circumstance when he did not prove his illness rendered him incapable of working.
 {¶ 32} R.C. 3119.23 adds an additional 16 factors a trial court "may consider" in deciding whether to deviate from the worksheet. While defendant does not cite any particular factor, he clearly suggests the trial court should have considered the disparity in *Page 15 
income between the parties. See R.C. 3119.23(G). The trial court did not abuse its discretion in not determining that factor supported deviation from the worksheet calculations.
 {¶ 33} The trial testimony indicated plaintiff bore the larger share of expenses related to the children. When discussing maintenance of her daughter's automobile, plaintiff testified she "primarily pay[s] most of the kid's expenses." (Tr. 193.) She noted defendant recently began paying more, testifying that "prior to June, I paid all the children's expenses. Since June, he has been picking up some of those — sharing those expenses with me. I don't know exactly half, but he has been contributing." Id. at 208.
 {¶ 34} Defendant did not rebut plaintiff's testimony and further failed to provide any legal authority that a trial court must deviate from the guidelines on the basis of a disparity in income between the parties. Indeed, no authority requires a trial court to deviate from the child support guidelines merely because a deviation would be permissible, or even desirable. Kosovich v. Kosovich, Lake App. No. 2004-L-075, 2005-Ohio-4774, at ¶ 17, citing Fitzgerald v.Fitzgerald (Jan. 24, 1997), Montgomery App. No. 15982.
 {¶ 35} Defendant next urges that we follow the analysis of the Seventh District in Fernback v. Fernback (Dec. 14, 2001), Mahoning App. No. 00-C.A.-276. Fernback held that absent the trial court's explicit deviation from the worksheet, both parties in shared parenting situations must pay the actual annual obligation listed on the worksheet. "Because there are two residential parents in a shared parenting plan, each parent should be entitled to receive back one-half of the total combined child support obligation as their portion." Id. *Page 16 
 {¶ 36} "[T]he Supreme Court of Ohio expressly rejected this reasoning of using an offset." Hubin v. Hubin (June 30, 2000), Franklin App. No. 99AP-1156, affirmed, 92 Ohio St.3d 240, citing Pauly, supra.Pauly held at the syllabus that the prior version of the worksheet substantially similar to the one at issue, did not provide for an automatic credit in child support obligations under a shared parenting order. Unless a deviation is warranted, Pauly requires a trial court to comply with the worksheet in calculating child support obligations.
 {¶ 37} Because the trial court properly exercises its discretion in ordering defendant to pay child support, and in determining the amount of child support, defendant's third and fourth assignments of error are overruled.
 {¶ 38} Having overruled defendant's four assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
McGRATH, J., concurs. TYACK, J., concurs in part and dissents in part.