[Cite as *Myers v. Brewer*, 2017-Ohio-4324.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
DARKE COUNTY**

| | | |
|---|---|---|
| JOHANNAH RACHEL MYERS | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   2016-CA-10 |
| | : | |
| v. | : | T.C. NO. 15-FS-00557 |
| | : | |
| DAMON C. BREWER | : | (Civil Appeal from Common |
| | : |  Pleas Court, Domestic Relations) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___16th___ day of _____June_____, 2017.

. . . . . . . . . .

ROBERTA S. FAY, Atty. Reg. No. 0074921, 10 N. Market Street, Troy, Ohio 45373
        Attorney for Plaintiff-Appellee

JUSTIN M. LOPEZ, Atty. Reg. No. 0089759, 18 E. Water Street, Troy, Ohio 45373
        Attorney for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Damon C. Brewer ("Father") appeals a decision of the Darke County Court of Common Pleas, Domestic Relations Division, adopting the decision of the magistrate granting plaintiff-appellee Johanna Rachel Myers' ("Mother") motion to terminate or modify the parties' shared parenting order. In its decision, the magistrate recommended that Father be named the child support obligor for the parties'

three minor children. The magistrate also included its calculation of the child support amount for which Father is to be responsible. The trial court adopted the magistrate's decision in a judgment entry issued on August 25, 2016. Father filed a timely notice of appeal with this Court on September 19, 2016.

{¶ 2} Initially, we note that the parties are parents to three minor children, to wit: J.B., born in 2002; T.B., born in 2004; and I.B., born in 2006.

{¶ 3} On August 20, 2009, the parties were granted a divorce in Ross County, Ohio. As part of the divorce, the parties entered into a Shared Parenting Plan regarding the care and maintenance of their three children. In January of 2011, the Shared Parenting Plan was modified, and Father was granted residential parenting rights for all three children during the school year. Father was also permitted to relocate with the children to New Mexico. Mother was granted residential parenting rights of the children during their summer break. Significantly, Mother was designated the child support obligor and ordered to pay $362.94 per month in support for all three children.

{¶ 4} Thereafter, in July of 2015, Father and the children moved to Bradford, Darke County, Ohio. On December 30, 2015, Mother filed a motion to terminate or modify the parties' shared parenting plan. On April 8, 2016, Father filed a motion to terminate or modify the shared parenting plan. The trial court appointed a Guardian ad Litem (GAL) to interview the parties and their three children and submit a report.

{¶ 5} A hearing was held before the magistrate on the parties' motions over two days, May 12, 2016 and June 7, 2016. On June 28, 2016, the magistrate issued her decision recommending that the parties continue to operate under the existing shared plan with modifications. Specifically, the magistrate recommended that the parties have

shared parenting time with the two youngest children, T.B. and I.B., on a rotating week to week basis. The magistrate also recommended that the oldest child, J.B., reside with Father throughout the week, with Mother only having standard parenting time. Additionally, the magistrate recommended that Father be named residential parent for all of the children for school purposes. At the time of the hearing, Mother had moved to Greenville, Ohio, to be closer to her children and maintained a residence there as well.

{¶ 6} With respect to the issue of child support, the magistrate recommended that Father be named the child support obligor. The magistrate calculated Father's support order for all three children to be $414.56 per month. The magistrate recommended a deviation of thirty-five percent from the guideline amount because the parties' oldest child, J.B., would primarily reside with Father.

{¶ 7} Both parties filed objections to the magistrate's decision. On August 25, 2016, the trial court issued a decision overruling the parties' objections and adopting the decision of the magistrate in its entirety.

{¶ 8} It is this judgment that Father now appeals.[1]

{¶ 9} Father's sole assignment of error is as follows:

{¶ 10} "THE TRIAL COURT ERRED IN CALCULATING CHILD SUPPORT."

{¶ 11} In his sole assignment, Father challenges the trial court's decision regarding the award of child support to Mother. Specifically, Father contends that the trial court erred when it named him the child support obligor when the parties have shared parenting of the two youngest children and he is designated the residential parent of all of the children for school purposes. Father further argues that the trial court erred when it failed

---

[1] We note that Mother did not file an appellee's brief in the instant case.

to consider the proper deviation factors when ordering him to pay child support to Mother for the parties' two youngest children.

**Standard of Review**

{¶ 12} We review child support decisions for abuse of discretion. *Booth v. Booth,* 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989). " 'Abuse of discretion' has been defined as an attitude that is unreasonable, arbitrary, or unconscionable." (Citation omitted.) *AAAA Enterprises, Inc. v. River Place Community Urban Redevelopment Corp.,* 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). In this regard, the Supreme Court of Ohio has stressed that "most instances of abuse of discretion will result in decisions that are simply unreasonable." *Id.* The court has also said that "[a] decision is unreasonable if there is no sound reasoning process that would support that decision." *Id.*

**I. Whether the Trial Court Erred in Naming Father the Child Support Obligor**

{¶ 13} The evidence adduced at the hearing before the magistrate established that Mother is employed by Pregnancy Decision Health Centers and earns a yearly salary of $34,650.00. Father is employed by Clopay and earns a yearly base salary of $42,640.00 with an additional $5,000.00 in overtime earnings, an aggregate sum of $47,640.00. Furthermore, all of the children are insured through Father's employer. Based upon the financial figures submitted by the parties and the disparity in their income, the trial court adopted the magistrate's recommendation, and named Father the child support obligor and ordered him to pay child support in the amount of $414.56 per month. This calculation was derived from the standard child support worksheet.

{¶ 14} "The party seeking to rebut the basic child support schedule has the burden of presenting evidence which demonstrates that the calculated award is unjust or

inappropriate and would not be in the best interest of the child." *Murray v. Murray,* 128 Ohio App.3d 662, 671, 716 N.E.2d 288 (12th Dist. 1999); *accord MacMurray v. Mayo,* 10th Dist. Franklin No. 07AP–38, 2007–Ohio–6998, ¶ 30. "As with most matters pertaining to child support, the decision to deviate from the actual annual obligation is discretionary and will not be reversed absent an abuse of discretion." *Hattenbach v. Watson*, 2d Dist. Montgomery No. 27071, 2016-Ohio-5648, ¶ 14, citing *Havens v. Havens,* 10th Dist. Franklin No. 11AP–708, 2012–Ohio–2867, ¶ 6; *see In re Custody of Harris,* 168 Ohio App.3d 1, 2006–Ohio–3649, 857 N.E.2d 1235, ¶ 60–61 (2d Dist.).

{¶ 15} Upon review, we can find no abuse of discretion in the trial court's decision to order Father to pay child support to Mother. In regards to Father's first argument herein, he contends that the trial court erred in designating him as the obligor for purposes of completing the child support guidelines worksheet. Father contends that he should have been considered the residential parent and not designated as the obligor on the worksheet because he is the residential parent for school placement purposes and has the children in his care for the majority of the time. Here, the trial court indicated that it was designating Father the obligor because it was in the children's best interest, the parties had disparate incomes, and it was necessary to allow the children to enjoy a similar standard of living in both of their parents' homes. Where a trial court follows the statutory guidelines for calculating child support, designating one parent, particularly the one who earns significantly more than the other, as obligor in a shared parenting situation is not an abuse of discretion. *See Fallang v. Fallang*, 109 Ohio App.3d 543, 547, 672 N.E.2d 730 (12th Dist. 1996).

{¶ 16} In the instant case, the trial court stated as follows:

First, [Father]'s two objections concern being named the child support and [sic] Obligor and the calculation of child support. This was based on the Magistrate's decision that the parties essentially share equally the time with both children. However, the Court overrules these objections *since the sharing of parenting time is not the same as each parent having custody of an equal number of children (which is considered to be "split parenting"). If the Court were to accept [Father]'s argument, then the relative incomes of the parties would have no meaning and could result in a higher income parent raising one child in luxury while the other parent with limited income raising the other child in poverty.*

Tr. Ct.'s Dec., p. 1-2.

**{¶ 17}** Therefore, after a review of the record, we find that the trial court did not abuse its discretion in designating appellant as "obligor" on the child support worksheet, and its findings and the record sufficiently supported its determination.

## II. Whether the Trial Court Erred When It Failed to Consider a Deviation in Child Support Based Upon the Equal Parenting Time Father Exercised with the Two Youngest Children

**{¶ 18}** We now address the issue of whether the trial court abused its discretion by overruling Father's objection requesting a downward deviation in his support obligation for the parties' two youngest children, T.B. and I.B. R.C. 3119.24 provides that, in shared parenting cases, the trial court must use the standard child support worksheet set forth in R.C. 3119.022. Pursuant to R.C. 3119.03, "the amount of child support that would be payable under a child support order, as calculated pursuant to the basic child support

schedule and applicable worksheet through the line establishing the actual annual obligation, is rebuttably presumed to be the correct amount of child support due."

{¶ 19} There is no statutory provision for any credit or offset to a child support obligation when the parties agreed to shared parenting; therefore, a trial court may not automatically deviate from the worksheet amount in order to credit an obligor for any time the child spends with that parent. *Pauly v. Pauly,* 80 Ohio St.3d 386, 388–389, 686 N.E.2d 1108 (1997)*; Hubin v. Hubin,* 92 Ohio St.3d 240, 749 N.E.2d 749 (2001). *Accord* R.C. 3109.04(L)(6). "Unless the context clearly requires otherwise and except as otherwise provided in the order, if an order is issued by a court pursuant to this section and the order provides for shared parenting of a child, each parent, regardless of where the child is physically located or with whom the child is residing at a particular point in time, as specified in the order, is the 'residential parent,' the 'residential parent and legal custodian,' or the 'custodial parent' of the child." *Hattenbach* at ¶ 8.

{¶ 20} However, R.C. 3119.24 permits a trial court to deviate from the guideline calculation if that amount "would be unjust or inappropriate to the children or either parent and would not be in the best interest of the child because of extraordinary circumstances of the parents or because of any other factors or criteria as set forth in R.C. 3119.23 of the Revised Code." The fact that parents equally share in parenting time does not, by itself, justify a deviation in the amount of child support. *Glassner v. Glassner,* 160 Ohio App.3d 648, 2005–Ohio–1936, 828 N.E.2d 642, ¶ 48 (5th Dist.). Instead, it is just one factor to be considered by the trial court. The "extraordinary circumstances listed in R.C. 3119.24(B) include (1) the amount of time the children spend with each parent, (2) the ability of each parent to maintain adequate housing for the children, (3) each parent's

expenses, and (4) any other circumstances the court considers relevant." *Hattenbach* at ¶ 13. R.C. 3119.23 adds an additional sixteen factors a trial court may consider in determining whether to deviate from the guideline, including income disparity between the parties.

{¶ 21} As previously discussed, the trial court specifically noted the income disparity between the parties, namely that Father earned approximately $47,600.00 including overtime pay, while Mother earned approximately $34,600.00. Based upon the income disparity between the parties, the trial court found that a downward deviation was not just, reasonable, appropriate, or in the best interest of the two youngest children, T.B. and I.B. Furthermore, the trial court found it "prudent" of the magistrate to recommend a thirty-five per cent child support deviation for J.B. to account for the fact that Father was awarded primary custody of the child with Mother only having standard parenting time. *Hattenbach* at ¶ 15.

{¶ 22} Therefore, we conclude that the trial court did not err when it failed to award Father a downward deviation in his support obligation for the parties' two youngest children, T.B. and I.B. Additionally, the trial court's decision adopting the thirty-five per cent child support deviation for J.B. was clearly reasonable and supported by the record.

{¶ 23} Father's first assignment of error is overruled.

{¶ 24} Lastly, Father argues that the trial court erred when it failed to include his annual support obligation in its decision as required by R.C. 3119.22, which states in pertinent part:

> The court may order an amount of child support that deviates from the amount of child support that would otherwise result from the use of the

basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, if, after considering the factors and criteria set forth in section 3119.23 of the Revised Code, the court determines that the amount calculated pursuant to the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, would be unjust or inappropriate and would not be in the best interest of the child.

*If it deviates, the court must enter in the journal the amount of child support calculated pursuant to the basic child support schedule and the applicable worksheet, through the line establishing the actual annual obligation, its determination that that amount would be unjust or inappropriate and would not be in the best interest of the child, and findings of fact supporting that determination.*

**{¶ 25}** Upon review, we find that the trial court did, in fact, fail to include the annual amount of child support for which Father would be responsible pursuant to R.C. 3119.23 in its judgment entry. On remand, the trial court is instructed to include in its judgment entry the original annual obligation from line 23 of the child support worksheet, the deviation amount, and the actual obligation amount after the deviation is deducted.

**{¶ 26}** Aside from the foregoing corrections, the judgment of the trial court is affirmed on the merits and in all other respects. The matter is remanded for limited proceedings consistent with this opinion.

. . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.

Copies mailed to:

Roberta S. Fay
Justin M. Lopez
Hon. Jonathan P. Hein